```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIO PELAEZ,

                        Petitioner,

         -against-

SUPERINTENDENT E. LOWERRE,

                        Respondent.
------------------------------------------------------------X
```

**FILED**
**CLERK**
11/20/2025 4:09 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM AND ORDER**
24-CV-3216 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner Julio Pelaez ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for sexual conduct against a child in the first degree, endangering the welfare of a child, and harassment in the first degree in the Supreme Court of the State of New York, County of Suffolk (the "trial court"). On this petition, Petitioner challenges the following:

- The weight of the evidence;
- A state court determination concerning ineffective assistance of counsel;
- Admission of prior bad acts (essentially acts of violence against the minor victim);
- Admission of post-arrest statements; and
- Purported harshness of his sentence.

Because each of these claims is procedurally barred, substantively without merit and/or otherwise not cognizable on habeas review, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition is denied.

1

# I. FACTUAL BACKGROUND

A review of the petition, filings by Respondent and the state court record reveals that Petitioner was convicted by a jury after trial, during which the prosecution introduced evidence including extensive testimony by Petitioner's stepdaughter and her mother concerning sexual and violent acts perpetrated by Petitioner over a multi-year period beginning when the victim was seven years old. Petitioner's post-arrest admissions corroborated the victim's testimony.

Following the conviction, Petitioner was sentenced to a determinate term of imprisonment of 25 years, to be followed by a period of postrelease supervision of 20 years, on the conviction of course of sexual conduct against a child in the first degree, a definite term of incarceration of one year on the conviction of endangering the welfare of a child and a definite term of incarceration of 90 days on the conviction of harassment in the first degree, with the sentences to run concurrently. *People v. Pelaez*, 218 A.D.3d 497, 497, *leave to appeal denied*, 40 N.Y.3d 998 (2d Dept. 2023). Exercising its discretion, the Second Department reduced "the sentence imposed on the conviction of course of sexual conduct against a child in the first degree [ ] to a determinate term of imprisonment of 17 years, to be followed by a period of postrelease supervision of 15 years." *Id.*

The petitioner pursued an appeal in state court, where the Second Department (1) upheld the sentence reduction; (2) affirmed the trial court's determinations to admit (a) Petitioner's post-arrest statements as voluntarily made following a knowing waiver of his *Miranda* rights and (b) the prior bad act evidence of physical abuse of the victim as witnessed by her mother; (3) concluded that the conviction was supported by legally sufficient evidence and (4) found that "defense counsel provided meaningful representation." *Id.*

# II. DISCUSSION

**A. Standard of Review**

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and *Brady* violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

**B. The Instant Petition**

As noted, Petitioner seeks habeas relief on the following grounds: the weight of the evidence; alleged ineffective assistance of counsel; admission of prior bad acts and post-arrest statements; and a purportedly excessive sentence. Even according the petition the solicitous treatment afforded to *pro se* pleadings, none of the grounds support habeas relief. Several are rooted in state law rights that are not cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground, including claims regarding evidentiary rulings.[1] Challenges based on purported excessive sentences fail on habeas review provided such sentence is within the statutory range, which appears to be the case here.[2]

---

[1] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011) (citing *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir.2006)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Such claims do not constitute constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

[2] "It is well settled that an excessive sentence claim may not be raised as grounds for habeas corpus relief if the sentence is within the range prescribed by state law." *Cardova v. Lavalley*,

To the extent that factual claims were fully considered by the state court, such determinations must be given deference by this Court under AEDPA. On this "mixed petition," Petitioner cannot proceed on claims that were not fully exhausted, and hence subject to the procedural bar, as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's challenge to the sufficiency of the evidence – which here appears substantial – fails to meet the "doubly deferential" standard applied to the determinations of the jury and the state courts.[3] Finally, based on these considerations, Petitioner's claim of ineffective assistance of counsel does not warrant relief.[4] *People v. Pelaez*, 194 N.Y.S.3d at 484 ("Viewing the record as a whole, the defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation.").

Thus, the petition is denied in its entirety.

## IV. CONCLUSION

---

123 F. Supp. 3d 387, 398 (E.D.N.Y. 2015); *see also Dixon,* 2017 WL 4402439, at *9 (citing *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992)).

[3] "When a federal habeas petition challenges the sufficiency of the evidence to support a state-court conviction, AEDPA establishes a standard that is 'twice-deferential.' A state court directly reviewing a jury verdict of guilty must, consistent with United States Supreme Court precedent, view the evidence in the light most favorable to the prosecution and must not uphold a challenge to the sufficiency of the evidence if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. And the federal court in a habeas proceeding may not ... overturn the state-court decision rejecting a sufficiency challenge ... unless the decision was objectively unreasonable. In sum, *Jackson v. Virginia*, leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts, and on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Santone v. Fischer*, 689 F.3d 138, 148 (2d Cir. 2012) (alterations omitted).

[4] "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110(2011).

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is DENIED. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that she was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). I certify that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: November 20, 2025
      Central Islip, New York

                                                      /s/Gary R. Brown
                                                      HON. GARY R. BROWN
                                                      UNITED STATES DISTRICT JUDGE